# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 6820 |
| | ) | Judge Joan H. Lefkow |
| GENERAL IRON INDUSTRIES, INC. | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America, acting at the request of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed this action against defendant General Iron Industries, Inc. ("General Iron"), alleging violations of the Clean Air Act, 42 U.S.C. §§ 7413(b), 7671(a), and 7671(g), and its implementing regulations, 40 C.F.R. Part 82, Subpart F. Pursuant to Rule 12(b)(6), Fed. R. Civ. P., General Iron has moved to dismiss the complaint for failure to state a claim on which relief may be granted. The court's jurisdiction is invoked pursuant 42 U.S.C. § 7413(b) and 28 U.S.C. §§ 1331, 1345, and 1355. For the reasons stated below, General Iron's motion is denied.

## I. BACKGROUND

General Iron is the owner and operator of a scrap metal and iron recycler in Chicago, Illinois. General Iron receives, inspects, processes, stores, and shreds appliances, including air conditioners and refrigerators. On May 24, 1999, the EPA conducted an inspection of General Iron's facility and discovered that General Iron was disposing of appliances in a manner that violated various EPA regulations. On May 28, 1999, the EPA issued a Cease and Desist Order to General Iron mandating that General Iron immediately cease all activities involving the handling and disposal of appliances

containing refrigerant at its Chicago facility.

On January 8, 2003, General Iron and the United States, on behalf of the EPA, executed a tolling agreement. The tolling agreement stopped the statute of limitations from running with regard to the EPA's claims against General Iron in order to allow time for settlement negotiations. The tolling agreement excluded the period from November 1, 2002 and November 1, 2003 from the computation of the running of the statute of limitations. The tolling agreement stated, "The parties to this Tolling Agreement are entering into the Tolling Agreement in order to pursue these negotiations without thereby altering the claims or defenses available to the parties." (Pl. Ex. 1 at P. 1). The agreement further stated:

> General Iron agrees not to assert, plead or raise in any fashion, whether by answer, motion or otherwise, in any action with respect to the Environmental Claims that the United States may initiate, any defense or avoidance based on the running of any statute of limitations during the Tolling Period, and the statute of limitations shall be tolled during, and for, such period.

*Id.* at 1-2. On December 15, 2003, the tolling agreement was extended for another year, through November 1, 2004. (Pl. Ex. 2).

## II. SUMMARY JUDGMENT STANDARDS

Although General Iron moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court must review and take into consideration the tolling agreement between the United States and General Iron and its subsequent extension. Neither document was referenced in the complaint; however, General Iron referred to both documents in its motion to dismiss, and the United States attached both documents to its response. Thus, the court must treat this motion as one for summary judgment. *See Chemetall GmbH v. ZR Energy, Inc.*, 320 F.3d 714 at 718, citing Fed. R. Civ. P. 12(b) (if, on a motion to dismiss for failure to state a claim, a party relies on matters outside

the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

## III. ANALYSIS

The present motion requires the court to resolve the discrete issue of whether General Iron is equitably estopped from asserting the expiration of the statute of limitations as a defense. The last alleged violation of the Clean Air Act was in May 1999. The United States did not file the complaint until October 22, 2004, thus outside the five year statute of limitations set forth in 28 U.S.C. § 2462,

3

which both parties agree applies to the present action.[1]

Equitable estoppel operates as a bar to a statute of limitations defense where the defendant has taken active steps to prevent the plaintiff from suing in time. *Lucas v. Chicago Trans. Auth.*, 367 F.3d 714, 721 (7th Cir. 2004). Such active steps include hiding evidence or, as applicable to this case, promising not to plead the statute of limitations. *Id.*, citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 254 (7th Cir. 1995); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 554 (7th Cir. 1996); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Here, the tolling agreement contains General Iron's express promise not to plead the statute of limitations as a defense. Acting in reliance on General Iron's promise, the United States waited to file suit against General Iron in order to attempt to settle its claims against General Iron. Had General Iron not made its promise not to plead the statute of limitations as a defense, the United States would have had ample time to prepare and file a complaint within the limitations period.

In *Reichelt v. U.S. Army Corps of Engineers*, 969 F. Supp. 519 (N.D. Ind. 1996), a lawsuit analogous to the present matter, the court determined that equitable estoppel prevented the statute of limitations applicable to the defendant's counterclaim from expiring. *Id.* at 522. Like the present case, the plaintiffs in *Reichelt* voluntarily agreed to toll the statute of limitations for ninety days following the disposition of the parties' pending summary judgment motions, which induced the defendant into not filing its counterclaim before the limitations period expired. *Id.* In finding that equitable estoppel applied, the court reasoned that it would be unfair for the plaintiffs to argue that

---

[1] 28 U.S.C. § 2462 states:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

4

the defendant had missed the filing deadline when they had agreed to the proposition. *Id.* Likewise, it would also be unfair for the court not to find equitable estoppel applicable to the present matter in light of General Iron's express promise not to assert the statute of limitations as a defense.

The court is not persuaded by General Iron's argument that it did not take any "active steps to prevent" the United States from suing because the United States drafted the tolling agreement and its extension. General Iron was under no obligation to sign the tolling agreement and extension. It chose to do so, presumably because it saw a benefit in trying to settle the United States' claims outside of court. The court is simply holding General Iron to its promise.

Because the court finds that General Iron is equitably estopped from asserting the statute of limitations as a defense, it is unnecessary for the court to decide whether the tolling agreement was unenforceable because it lacked consideration. The court, therefore, denies General Iron's motion to dismiss.

### ORDER

For the reasons stated above, General Iron's Motion to Dismiss [#5] is denied. General Iron has until May 19, 2005 to answer the complaint.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

DATED: April 25, 2005